# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| STATE OF UTAH, by and through its DIVISION OF FORESTRY, FIRE AND STATE LANDS,<br><br>        Plaintiff,<br><br>NATIONAL AUDUBON SOCIETY, et al.,<br><br>        Intervenor-Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF THE INTERIOR; BUREAU OF RECLAMATION; ELUID MARTINEZ, in his official capacity as Commissioner; BUREAU OF LAND MANAGEMENT; SALLY WISELY, in her capacity as Utah State Director, BLM; RICHARD W. DAVIS; JOHN DOE and MARY DOE; et al.,<br><br>        Defendants. | ORDER AFFIRMING & ADOPTING SPECIAL MASTER'S REPORT & RECOMMENDATION<br><br>Case No. 2:97CV927DAK |

      After making several legal rulings in this matter, United States District Court Judge Dale A. Kimball referred the case to Special Master Michael Goldsmith pursuant to Rule 53(a) (1)(B) of the Federal Rules of Civil Procedure. The court's Order of Reference tasked the Special Master with taking evidence relevant to the boundary of each parcel of property in which the

boundary is still in dispute, making findings as to the historic usage, title, and possession of each parcel, and issuing a report recommending the proper boundary for each of the parcels.

On November 15, 2006, the Special Master issued a Report and Recommendation finding that the State has rebutted the 4481 presumption and recommending that the Defendant Landowners be required to produce evidence constituting prima facie proof of statehood title, use, and possession before proceeding to another phase of the trial to resolve the boundary of each remaining parcel.  The Defendant Landowners' filed Objections to Special Master's Report and Recommendation, and the Simpson Defendants filed an Objection to Special Master's Report and Recommendation.  The State and Plaintiff-Intervenors both filed responsive memoranda to the Defendants' objections.

The court has reviewed the Special Master's Report and Recommendation, the Defendant Landowners' Objections, the Simpson Defendants' Objections, the State's Response to the Defendants' Objections, the Plaintiff-Intervenors' Response to Defendants' Objections, the materials filed by the parties in connection with the "paper trial" before the Special Master, and this court's previous legal decisions in the case.  The court concludes that a hearing on the objections would not significantly aid in the determination of the issues.  Therefore, the court issues this Order based upon the materials it has reviewed.

Both the Defendant Landowners and the Simpson Defendants object to the Report and Recommendation on the grounds that the Special Master improperly finds that the *Jacobsen* court's factual findings are not binding.  The Special Master, however, is correct in this assertion and his analysis of the issue is in full accord with this court's previous reliance on *Jacobsen*. While this court believes that *Jacobsen* is applicable legal precedent for this case, the court has

never found *Jacobsen*'s factual findings binding or preclusive precedent for application to other individual parcels around Utah Lake.  While the *Jacobsen* made findings with respect the parcels at issue in that case which may demonstrate applicability to certain lake-wide issues, application of the *Jacobsen* court's factual findings at this stage of the litigation would require the findings to be tied to evidence relevant to the individual parcels still in dispute in this case and the findings would be one of many relevant pieces of evidence to weigh and consider.

Defendants further contend that the Report and Recommendation improperly shifts the burden to the Defendant with respect to the issue of artificial elevations and speculates as to where the Ordinary High Water Mark ("OHWM") was at Statehood.  The Special Master acted squarely within the authority granted to him under this court's Order of Reference.  His analysis of the factors relevant to the determination of the proper statehood boundary is fully consistent with this court's prior rulings and controlling precedent.  The parties were charged with presenting all relevant evidence relating to the proper placement of the boundary for their respective parcels.  To the extent that the Special Master's analysis may have emphasized the evidence presented by the State, it is due to the procedural posture of the case and the Defendants' apparent tactical decision not to submit specific factual evidence supporting the location of the proper boundary for each parcel.  Given the evidence presented to the Special Master, his analysis of the issues before him is entirely consistent with this court's reference.  The Defendants' objections do not persuade the court that it must make any modifications or revisions to the Report and Recommendation.

The court fully agrees with the analysis contained in the Special Master's Report and Recommendation.  Therefore, the court approves and adopts the Special Master's November 15,

2006 Report and Recommendation in its entirety.  Accordingly, the case should proceed before

the Special Master consistent with the recommendations contained in the Report and Recommendation.

DATED this 30th day of March, 2007.

>BY THE COURT:

>*/s/ Dale A. Kimball*
>DALE A. KIMBALL
>United States District Judge