IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STATE OF UTAH, by and through its DIVISION OF FORESTRY, FIRE & STATE LANDS,<br><br>Plaintiff,<br><br>NATIONAL AUDUBON SOCIETY, et al.,<br><br>Intervenor-Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:97-CV-927-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff State of Utah's Motion to Enforce Order Pursuant to Rule 70 of the Federal Rules of Civil Procedure [ECF No. 952]. The State asks the court to enforce the court's March 15, 2013 Memorandum Decision and Order and its September 15, 2014 Memorandum Decision and Order against Defendant Ridgeline Capital, LC. In the 2013 Order, the court concluded that the lake-wide elevation for Utah was the lower of (1) .2 feet below the compromise elevation of 4488.95 feet or (2) the Meander Line and it shall be applied to all parcels that have not already agreed to a boundary through settlement. In the 2014 Order, the court ordered the parties to project the lake-wide boundary on the land as it presently exists. Since the court issued those Orders, the State has projected the boundary on all remaining parcels

around Utah Lake and entered settlements with all landowners except Defendant Ridgeline Capital.

Although Ridgeline agreed to a survey to project the boundary elevation on its parcel, the survey resulted in a boundary line farther from the lake than the parties had previously anticipated. The State explains that this discrepancy occurred because there was an error in its prior estimation. Ridgeline believes there is a problem with the survey, but it has not conducted a competing survey or provided any evidence to discount the State's survey. In any event, the parties essentially reached an impasse on concluding the finalization of the boundary on Ridgeline's parcel.

The State asks the court to apply Rule 70 of the Federal Rules of Civil Procedure and enter a judgment divesting Ridgeline's title to lands below the survey's projection of .2 feet below compromise elevation. Under Rule 70(a), if a court order or judgment "requires a party to convey land, to deliver a deed . . . or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done." Fed. R. Civ. P. 70(a). Under Rule 70(b), "[i]f the real . . . property is within the district, the court—instead of ordering a conveyance—may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance." *Id.* 70(b).

Although the court issued the orders to project the court's determined boundary onto the remaining parcels over ten years ago, the court did not provide a specific timeframe for doing so. The State has worked through the parcels and is left with only Ridgeline Capital's parcel. The parties have worked on a stipulated boundary projection for two years and did not reach a tentative settlement until May 2024. The dispute arose after the State sent Ridgeline Capital the survey results on August 23, 2024. While it could be said that Ridgeline Capital should have

then conducted its own survey, its failure to do so does not fail to comply with the court's order within the time specified because there was no time specified.

The court recognizes that Ridgeline Capital agreed to a survey, did not question the surveyor's credentials before the results were disclosed, and have advanced no arguments as to why the surveyor was wrong.  However, the court does not believe that Rule 70 is the appropriate way to resolve the dispute given the factual circumstances in this case.

Given that deadlines have not been imposed previously, the court enters the following deadlines that the parties shall follow. Ridgeline Capital shall engage a surveyor of its own by February 6, 2025, and conduct its own survey and turn over the results of that survey to the State by March 13, 2025.  If the results of the two surveys are meaningfully different and the parties cannot reach an agreement on the location of the boundary line, each party shall depose the other party's surveyor by April 16, 2025, and then file preliminary briefs on the issue with court by May 16, 2025.  The court will then determine whether an evidentiary hearing is necessary.  If the two surveys do not differ significantly and the parties can reach an agreement on the projection of the boundary on Ridgeline Capital's parcel, the parties shall file a stipulation with the court as to the boundary location by March 28, 2025.

If the parties do not comply with the above deadlines, the court will consider application of Rule 70 at a future date.  At present, however, the court denies the State's Motion to Enforce Order [ECF No. 952].

DATED this 16th day of January 2025.

BY THE COURT:

DALE A. KIMBALL
United States District Judge